**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000494
08-JUN-2017
08:04 AM**

NO. CAAP-16-0000494

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
ALEX M. TANIGUCHI, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-15-04479)

SUMMARY DISPOSITION ORDER
(By:  Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Alex M. Taniguchi (Taniguchi) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on December 17, 2015 and Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on June 8, 2016 in the District Court of the First Circuit, Honolulu Division (District Court).[1]

Taniguchi was convicted of Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) (Supp. 2016).

On appeal, Taniguchi contends (1) the charge was fatally defective for failing to define the term "alcohol," (2) HRS § 291E-61 is unconstitutionally void for vagueness, (3) there was insufficient evidence to convict him of OVUII, including no substantial evidence that he was under the influence of alcohol as defined in HRS § 291E-1, and (4) he did not knowingly and voluntarily waive his right to testify because the pretrial and ultimate <u>Tachibana</u> colloquy were inadequate.

---

[1]     The Honorable William M. Domingo presided.

The State contends that this court lacks appellate jurisdiction to review the December 17, 2015 Notice of Entry of Judgment and/or Order and Plea/Judgment because Taniguchi's June 29, 2016 Notice of Appeal was untimely.

This court does not lack appellate jurisdiction over the appeal and may review the December 17, 2015 Notice of Entry of Judgment and/or Order and Plea/Judgment on appeal. HRS § 641-12(a) (2016) states:

> §641-12 From district courts. [(a)] Appeals upon the record shall be allowed from all final decisions and final judgments of district courts in all criminal matters. Such appeals may be made to the intermediate appellate court, subject to chapter 602, whenever the party appealing shall file notice of the party's appeal within thirty days, or such other time as may be provided by the rules of the court.

The December 17, 2015 Notice of Entry of Judgment and/or Order and Plea/Judgment did not decide the issue of license revocation and the District Court specifically continued the proceeding to a later date to decide whether to impose license revocation as part of Taniguchi's sentence. The District Court decided not to impose license revocation as part of Taniguchi's sentence on June 8, 2016 and entered another Notice of Entry of Judgment and/or Order and Plea/Judgment to reflect its decision. Thus, the December 17, 2015 and June 8, 2016 Notices of Entry of Judgment and/or Order and Plea/Judgment, together, constituted a final decision of the District Court in the criminal matter. Taniguchi filed a Notice of Appeal on June 29, 2016, within 30 days after entry of the June 8, 2016 Notice of Entry of Judgment and/or Order and Plea/Judgment. Hawai'i Rules of Appellate Procedure Rule 4(b). Therefore, Taniguchi's appeal was timely and this court has jurisdiction over the appeal.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Taniguchi's points of error as follows:

(1) The charge was not fatally defective for failing to define the term "alcohol." State v. Tsujimura, No. SCWC-14-0001302, 2017 WL 2361154, at *6-7 (Haw. May 31, 2017).

2

(2) Contrary to Taniguchi's argument, HRS § 291E-61 is not unconstitutionally void for vagueness. "A penal statute is void for vagueness if it does not define a criminal offense with sufficient definiteness so that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." State v. Pacquing, 139 Hawai'i 302, 314, 389 P.3d 897, 909 (2016) (citations, internal quotation marks, and brackets omitted). The definition of the term "alcohol" is not limited to alcohol produced by distillation. State v. Tsujimura, No. SCWC-14-0001302, 2017 WL 2361154, at *6-7 (Haw. May 31, 2017). Thus, the State was not required to prove that Taniguchi consumed a specific type of beverage. Id. Proof of consumption of a particular beverage is not an element of HRS § 291E-61(a)(1), rather, the statute prohibits operating a vehicle while under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty. HRS § 291E-61 is sufficiently definite and provided fair notice of the charge against Taniguchi. Id.

(3) When the evidence adduced at trial is considered in the strongest light for the prosecution, there was substantial evidence to support Taniguchi's conviction for OVUII. State v. Matavale, 115 Hawai'i 149, 157-58, 166 P.3d 322, 330-31 (2007). Officer Joshua Wong (Officer Wong) testified that on September 23, 2015, at around 2:41 p.m., Taniguchi failed to stop or slow at a red light before turning right onto Wilder Avenue from Alexander Street. After stopping Taniguchi, he could smell the odor of alcohol when talking with Taniguchi. He also noticed Taniguchi had red watery eyes and slurred his speech. During the horizontal gaze nystagmus test he observed Taniguchi sway in a two inch circular motion. During the walk-and-turn test Taniguchi was unable to keep his balance by placing his feet side by side instead of heel to toe. Taniguchi also started before he was instructed to do so, went off the line, and missed every heel to toe step. He also raised his arms despite being instructed to hold his hands at his side and swung himself around instead of

3

taking small steps to turn around. During the one-leg stand test Taniguchi swayed occasionally from side to side. He also raised his arms three different times and put his foot down, contrary to the instructions. Therefore, there was substantial evidence that Taniguchi was under the influence of alcohol in an amount sufficient to impair his normal mental faculties or ability to care for himself and guard against casualty.

(4) The District Court failed to advise Taniguchi prior to trial that the exercise of the right not to testify may not be used by the fact finder to decide the case. State v. Monteil, 134 Hawai'i 361, 373, 341 P.3d 567, 579 (2014). Although this was remedied in the Tachibana colloquy conducted by the District Court just before the defense rested its case, the court failed to ascertain whether Taniguchi understood that no one could prevent him from exercising his rights to testify or not to testify. Tachibana v. State, 79 Hawai'i 226, 236 n.7, 900 P.2d 1293, 1303 n.7 (1995).

"Once a violation of the constitutional right to testify is established, the conviction must be vacated unless the State can prove that the violation was harmless beyond a reasonable doubt." State v. Pomroy, 132 Hawai'i 85, 94, 319 P.3d 1093, 1102 (2014) (internal quotation marks omitted) (quoting Tachibana, 79 Hawai'i at 240, 900 P.2d at 1307). Taniguchi did not testify at trial. "It is inherently difficult, if not impossible, to divine what effect a violation of the defendant's constitutional right to testify had on the outcome of any particular case. The record in this case offers no clue to what [the defendant] would have said, under oath, on the witness stand." Id. (internal quotation marks and brackets omitted) (quoting State v. Hoang, 94 Hawai'i 271, 279, 12 P.3d 371, 379 (2000)). Therefore, the error was not harmless beyond a reasonable doubt. Id.

Therefore,

IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on December 17, 2015 and Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on June 8, 2016 in the District Court of

NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

the First Circuit, Honolulu Division are vacated and the case is remanded for a new trial.

DATED:   Honolulu, Hawai'i, June 8, 2017.

On the briefs:

Alen M. Kaneshiro,
for Defendant-Appellant.

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge